IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Herbert Demond York, | ) | C/A No.: 1:20-718-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sgt. K. Scott, Officer J. Gee, and | ) | ORDER |
| Officer F. Smith, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Herbert Demond York ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights as a pretrial detainee at Florence County Detention Center ("FCDC") against above-named defendants ("Defendants").

This matter comes before the court on Defendants' motion to dismiss brought pursuant to Fed. R. Civ. Pro. 12(b)(6), in which Defendants move for dismissal of this case, in part, due to Plaintiff's failure to exhaust his administrative remedies. [ECF No. 15]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 16]. Plaintiff filed a response to

Defendants' motion, attaching an affidavit that, in part, addresses his efforts to exhaust his administrative remedies. [*See* ECF Nos. 34, 34-1].[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. For the undersigned to consider Plaintiff's affidavit evidence on the issue of exhaustion, Defendants' motion to dismiss must be converted to one for summary judgment pursuant to Fed. R. Civ. P. 12(d) and the parties must be afforded an opportunity to present relevant materials.[2]

The record as it currently stands on the issue of exhaustion consists of Plaintiff's argument as found in his response to Defendants' motion to dismiss, as follows:

---

[1] Plaintiff filed his first response to Defendants' motion to dismiss shortly before filing a motion to compel discovery, seeking discovery unrelated to the issue of exhaustion, and a motion for extension for time to file a response to Defendants' motion to dismiss. [ECF Nos. 29, 30, 31]. The court denied Plaintiff's two motions, reminding Plaintiff that he had been previously advised that he was not entitled to discovery before responding to Defendants' motion to dismiss. [ECF No. 32]. Thereafter, Plaintiff filed a second response to Defendants' motion to dismiss on failure to state a claim. [ECF No. 34]. Because Plaintiff is proceeding pro se, because this second response was filed on the day the court had directed Plaintiff to file a response [*see* ECF No. 27], and because this response was filed after the court resolved Plaintiff motions, the court deems Plaintiff's second response to Defendants' motion, found at ECF 34, to be Plaintiff's operative response. Defendants have filed no reply.

[2] Defendants' motion to dismiss is converted to a motion for summary judgment only as to the issue of exhaustion. Otherwise, the motion to dismiss remains a motion to dismiss as to all other issues.

Plaintiff has exhaust[ed] his administrative remedies, but ha[s] not received the proper response. Therefor[e] Plaintiff submitted a writ[ten] letter to the Inspector of the Jail as well [as] to Capt. Patton and the major of Florence County Detention Center. And did not receive a response.

[ECF No. 34 at 7]. In addition, Plaintiff has submitted an affidavit, attesting:

I [informed] Cpl. Jennings [and] Sgt. Neal and wrote a[] grievance and letter to the jail major and Capt. Patton. I [did not] receive any response. I also notif[ied] Sgt. Lopez, Lt. Andrea Capers, Lt. Femming and other staff members at Florence County Detention Center. . . . I [tried] to make all attempts to exhaust administrative remedies but was denied by all officials.

[ECF No. 34-1 at 2].[3]

Defendants are hereby directed to review the underlying administrative file of this matter and provide the court with an affidavit or declaration of a qualified individual, with relevant copies of any pertinent filings, addressing the steps Plaintiff was required to complete to exhaust his administrative remedies and Plaintiff's efforts to do so, related to the incident on January 17, 2019, and thereafter, including Plaintiff's allegations that he was retaliated against for filing certain legal papers by being sent to the maximum segregation unit, being written up for a disciplinary infraction,

---

[3] Defendants, in their motion to dismiss, only direct the court's attention to (1) a 2013 case, in which this court briefly noted the grievance process at FCDC at that time, and (2) Plaintiff's failure to fully complete the court's standard prisoner complaint form as to the issue of exhaustion. [*See* ECF 15-1 at 6–7 (citing *Freeman v. Florence Cty. Det. Ctr.*, C/A No. 5:12-398-TMC-KDW, 2013 WL 1442345, at *3 (D.S.C. Mar. 21, 2013), dismissed, C/A No. 5:12-398-TMC, 2013 WL 1442339 (D.S.C. Apr. 9, 2013))].

having his possessions taken from him, and being placed on a restricted diet. These materials are to be filed no later than July 24, 2020. By the same date, Plaintiff is directed to provide this court with any other materials relevant to this issue, including any letters in Plaintiff's possession concerning his efforts to exhaust his administrative remedies.

IT IS SO ORDERED.

*Shiva V. Hodges*

June 26, 2020                                    Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge