# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herbert Demond York,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> Sgt. K. Scott; Officer J. Gee; and Officer  ) <br> F. Smith, in their individual capacities,  ) <br>  ) <br> Defendants.  ) <br>  ) | C/A. No. 1:20-718-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 88) recommending the Court grant Defendants' motion to dismiss because Plaintiff failed to exhaust his administrative remedies before initiating this action in the United States District Court. (Dkt. No. 40). Plaintiff has filed no opposition to the R & R. For reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses this action without prejudice.

**I.     Background**

Plaintiff, a pretrial detainee at the Florence County Detention Center (FCDC), filed an action alleging that he was transferred to solitary conferment and suffered other harsh conditions of confinement in retaliation for stating that he intended to file a class action lawsuit. (Dkt. No. 1). Defendants have denied the Plaintiff's allegations and have moved to dismiss the complaint on the basis that he failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The Magistrate Judge conducted additional briefing on the issue of exhaustion of administrative remedies and concluded that Defendants

1

carried their burden of establishing that Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 40 at 5-11).

### II.  Legal Standard

#### a.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Plaintiff filed objections to the R & R, and the R & R is reviewed *de novo*.

#### b.  Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is

entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### III. Discussion

The R & R detailed the existing grievance procedure of the FDDC and summarized an affidavit of the official responsible for administering the grievance procedure, Captain Lynn Patton, who asserted that Plaintiff filed no grievance regarding the claims asserted in this action. Captain Patton also noted that Plaintiff filed other grievances with the FCDC during this period but none addressed the issues raised in this lawsuit. (Dkt. No. 39-1 at 12). The Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies and recommended the Court dismiss this action. (Dkt. No. 40 at 11). Plaintiff filed no objections to the R & R.

## IV.     Conclusion

The Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the action should be dismissed because of Plaintiff's failure to exhaust his administrative remedies. The Court **ADOPTS** the R & R (Dkt. No. 40) as the order of the Court and dismisses this action without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

January 21, 2021
Charleston, South Carolina